AUGUST HOLTZKEMPER V. JACOB LANGLOTH.

OWNER CANNOT RECLAIM STRAY ANIMAL WITHOUT TENDER OR PAYMENT.

If an animal be found running at large without the fault or knowledge of the owner, he cannot reclaim it without paying or tendering payment of reasonable compensation to the person taking it up and keeping it.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The question in the case is whether the court erred in directing the jury to find a verdict for the defendant.

The evidence submitted tended to show that the plaintiff was the owner of two horses replevied in this case. That defendant "took them up" May 9, 1892, and came to plaintiff on the same day and told him that he had taken them, and wanted $5 for damages to his crop, which plaintiff refused to pay, and demanded his horses, which defendant refused to deliver to him. That the fields of plaintiff and defendant adjoin each other, with a partition fence between them, of which plaintiff was to keep up the south half and defendant the north half, and that the horses got out through the north half. That plaintiff made no tender of any money to defendant when he demanded the horses, or afterwards. That defendant had the horses in a little pasture fenced in, across the road from his house, and that the field around this pasture, in which the horses were taken up, was uninclosed land, and that plaintiff had no permit for his horses to run at large, and that the horses of plaintiff were taken up by defendant in an open field.

The fact that a horse is found running at large upon uninclosed land is *prima facie* evidence under the statute that he is running at large contrary to the provisions thereof, and any person may take him up and confine him and give notice to the owner; but if it be shown that he escaped from the owner or keeper thereof without his fault or knowledge, he must be restored to the owner or keeper upon payment of a reasonable compensation for taking up and keeping the same.

From this it would appear that even if an animal be found running at large without the fault or knowledge of the owner, he can not reclaim it without paying or tendering payment to the person taking it up and keeping it. There is no evidence tending to show that this was done, and plaintiff for this reason did not show that he was entitled to the immediate possession of the property, and therefore he was not entitled to recover, and the action of the trial court in directing the verdict was right.

The court, over the exception of counsel for plaintiff, sustain an objection to a question put by him as to the condition of a partition fence between plaintiff's and defendant's lands, in the part of the fence that was to be kept in repair by defendant, and through which part of the fence the horses got from the land of the plaintiff to that of the defendant. The point is not properly made on the bill of exceptions, as the plaintiff did not state what he expected to prove in answer to the question. But if he had, it would not seem to be relevant, or material, because there was no offer to prove that the land of plaintiff from which the horses went through this partition fence to the land of defendant was inclosed. But if it had been, as the plaintiff on the facts shown by himself was

bound to pay or tender to the defendant at least a reasonable compensation for taking up and keeping the horses, and did not do so, he was not entitled to reclaim the horses or to recover in the action, and if any error was committed as to this evidence, it could not prejudice the plaintiff. The judgment will be affirmed.

*John Wentzel*, for Holtzkemper.

*James B. Watson* and *John R. Holmes*, for Langloth.